IMMANUEL BAPTIST TABERNACLE CHURCH OF THE APOSTOLIC FAITH v. SOUTHERN EMMANUEL TABERNACLE CHURCH, APOSTOLIC FAITH

No. 7519SC328

(Filed 1 October 1975)

**1. Appeal and Error § 57— findings of fact — conclusiveness on appeal**

The trial court's findings of fact are conclusive if supported by any competent evidence even though there is evidence to the contrary that would support different findings.

**2. Religious Societies and Corporations § 3— congregation as governing body — deed made by trustees — unauthorized conveyance**

The trial court's finding that the affairs of the plaintiff church were conducted by the congregation was tantamount to a finding that the congregation was plaintiff's governing body; therefore, the trial court's conclusions of law that plaintiff was a congregational church in respect to its property, that a meeting of the congregation would be necessary to authorize a conveyance of the church property, and that the trustees of plaintiff did not have authority to execute a deed to defendant were proper in the absence of a finding that the congregation had empowered a subordinate group to convey its real property.

**3. Appeal and Error § 28— finding of fact — failure to note exception — no consideration on appeal**

While there was some evidence tending to show that plaintiff ratified the action of its trustees in executing a deed to defendant, defendant made no request that the court find facts relating to ratification and noted no exception to the failure of the court to find such facts; therefore, the question of ratification was not presented on appeal.

**4. Appeal and Error § 26— assignment of error to signing of judgment**

An assignment of error to the signing of the judgment presents the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment and whether the judgment is regular in form.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 31 January 1975 in Superior Court, ROWAN County. Heard in the Court of Appeals 26 August 1975.

In this civil action, instituted 7 November 1973, plaintiff asks the court to set aside a deed which purports to convey to defendant a parcel of land in Rowan County. Material allegations of the complaint are summarized as follows:

Plaintiff is a religious society of Rowan County, North Carolina, and defendant is a Florida corporation with principal

place of business in that state. On 27 November 1942, the subject property was conveyed to J. H. Smith, J. C. Mills and Mame White as trustees for plaintiff. On 31 July 1946, said trustees executed and delivered to defendant a purported deed for said property which deed was recorded in Rowan County Registry. The 1946 deed was executed by said trustees without consideration, and without any authority from plaintiff's congregation; and said congregation has never directed, approved, ratified, or confirmed the conveyance of said property.

Defendant filed answer denying that the conveyance was made without consideration or authority. Jury trial was waived and following a trial, the court entered judgment finding facts summarized in pertinent part as follows:

Sometime prior to July 1946, (defendant's) Bishop Mills and now Bishop Cutler approached the congregation of plaintiff church with respect to affiliating with defendant. Prior to July 1946, several members of plaintiff's congregation met in Statesville with Bishop Mills and others at which time plaintiff's trustees and those present decided to convey the subject property to defendant. Pursuant thereto said deed was executed by Trustees Smith, Mills and White but the question of conveying the land to defendant was never presented to, or approved by, plaintiff's congregation. From time to time thereafter, Bishop Cutler assured certain members of plaintiff that the purpose of the deed was not to take the property from plaintiff or its congregation. No money was paid by defendant for said deed and since 1946 plaintiff has made various improvements to its church property. Defendant has not contributed any sum for the betterment of plaintiff's property or its programs. On occasions since 1946, certain of plaintiff's members talked with defendant's bishop at which times he assured them the property still belonged to plaintiff and that it would get title to the property. The affairs of plaintiff are conducted by the congregation; plaintiff is a congregational church with respect to its property and in order to convey property a proper meeting of the congregation would be necessary to vote on the question and approve same before a deed could be made. The trustees held legal title to the property for the use and benefit of plaintiff's congregation.

The court concluded that in 1946 Trustees Smith, Mills and White did not have authority from plaintiff's congregation to execute the deed dated 31 July 1946, therefore, said deed is void and of no effect. The court adjudged that the deed to defendant

is void and that plaintiff is the legal owner of the subject property.

Defendant appealed.

*Woodson, Hudson, Busby & Sayers, by Max Busby, for plaintiff appellee.*

*Burke, Donaldson & Holshouser, by John L. Holshouser, Jr., for defendant appellant.*

BRITT, Judge.

[1] By its first assignment of error, defendant contends the court erred in making certain findings of fact. We find no merit in the assignment. It is well settled that the court's findings of fact are conclusive if supported by any competent evidence even though there is evidence to the contrary that would support different findings. 1 Strong, N. C. Index 2d, Appeal and Error, § 57, p. 223. A summation of the testimony here would serve no useful purpose; it suffices to say that we have reviewed the evidence and conclude that it supports the findings of fact.

[2] By its second assignment of error, defendant contends the court erred in its conclusions of law and particularly in concluding that plaintiff is a congregational church in respect to its property, that a meeting of the congregation would be necessary to authorize a conveyance of the church property, and that the trustees did not have authority to execute the deed to defendant. We find the assignment without merit.

G.S. 61-4 provides in pertinent part: "The trustees of any religious body may mortgage or sell and convey in fee simple any land owned by such body, when directed so to do by such church, congregation, society or denomination, or its committee, board or body having charge of its finances, . . . . "

The threshold question confronting the trial court in the instant case was who constituted the governing body of plaintiff church. See *Atkins v. Walker,* 284 N.C. 306, 319, 200 S.E. 2d 641 (1973). On sufficient evidence, the court found that "the affairs of the plaintiff church are conducted by the congregation." We think this was tantamount to a finding that the congregation was plaintiff's governing body; therefore, the court's conclusions of law were proper in the absence of a finding that the congregation had empowered a subordinate group to convey its real property.

[3]   Defendant argues, *inter alia,* that plaintiff ratified the action of its trustees in executing the 1946 deed. While there was some evidence tending to show ratification, defendant made no request that the court find facts relating to ratification and noted no exception to the failure of the court to find such facts. That being true, the question of ratification is not presented on appeal. 1 Strong, N. C. Index 2d, Appeal and Error, § 28, p. 159.

[4]   By its third assignment of error, defendant contends the court erred in signing the judgment. This assignment presents the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment and whether the judgment is regular in form. *Ibid,* § 26, pp. 152-53. We hold that no error of law appears on the face of the record, the facts found or admitted support the judgment, and the judgment is regular in form.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges HEDRICK and MARTIN concur.