HARVEY H. WALTERS, INDIVIDUALLY AND AS ELDER OF THE EBENEEZER TRUELIGHT CHURCH OF CHRIST AND ROBERT JONES, HERMAN B. WALTERS AND BLAKE E. LEE AND THE MEMBERS OF THE EBENEEZER TRUELIGHT CHURCH OF CHRIST v. HERMAN FLAKE BRASWELL, GLENN AUSTIN, RAPHAEL PRICE, JOHN RABOR, JR. AND RUSSELL McCLEOD, AND ALL OTHER PERSONS IN ACTIVE CONCERT WITH THEM

No. 8020SC442

(Filed 2 December 1980)

Religious Societies and Corporations § 3.1— true elder of church — right to use church property — insufficient evidence

　　In an action seeking to have one plaintiff declared the ruling elder of a church and to restrain defendants from interfering with religious services at the church, defendants' motion for directed verdict should have been granted where there was insufficient evidence in the case from which the jury could determine

either (1) who constitutes the governing body of the church or (2) who that governing body has determined to be entitled to the use of the church property.

APPEAL by defendants from *Walker, (Ralph A.), Judge.* Judgment entered 8 February 1980 in Superior Court, UNION County. Heard in the Court of Appeals 5 November 1980.

This civil action was brought by plaintiffs, seeking to have plaintiff Walters declared the ruling Elder of the Ebeneezer Truelight Church of Christ and to restrain defendants and other persons in active concert with them from interfering with or disrupting the religious services at the Ebeneezer Truelight Church.

In their complaint, plaintiffs alleged that the Ebeneezer Truelight Church of Christ building is located in Union County, North Carolina. They further alleged that: no services were held at the Ebeneezer Truelight Church of Christ from February to May of 1977; that on or about 22 May 1977, plaintiff Walters, the other plaintiffs and other persons met in the Ebeneezer Truelight Church of Christ in Union County and formed a new church body and/or society, and by assent, elected plaintiff Walters as ruling Elder of the church with the expressed purpose of forming an autonomous self-governing church and/or society; and that they did form an automonous church.

Plaintiffs further alleged that those acting in concert with them have attempted to hold church services at the Ebeneezer Truelight Church of Christ each and every Sunday since 22 May 1977, and that on 29 May 1977, defendant Braswell, other defendants and other persons acting in concert with them attempted to interfere with the church services. Plaintiffs also alleged that plaintiff Walters is the ruling Elder of the church and that he and his followers have the right to use the church without the interference of the defendants and those acting in concert with them.

Defendants answered and counterclaimed. In their answer defendants alleged that by custom, practice and conference rule of the church, regular services were temporarily suspended at the church during February, March and April of 1977. The named defendants, along with other members of the conference body of the church, compose six different societies or local congregations of the church, including the Ebeneezer Society in Union County. It is the custom, practice and rule of the True Light Church of Christ to meet at each of the separate societies on a rotating basis and the church has met

and does meet on a rotating basis at the different societies.

In February 1977, an internal problem arose at the Ebeneezer Society. The conference of the church decided not to hold meetings at that facility until the internal problem was resolved. The internal problem was resolved on 21 May 1977 and thereafter the True Light Church of Christ began to meet again on a regular basis at the Ebeneezer Society facility. Defendants further alleged that as the True Light Church attempted to carry out its worship service at the Ebeneezer Society after 21 May 1977, the plaintiffs and those acting in concert with them have interfered with the church services, and that the plaintiffs and their immediate families are a minority group of the Ebeneezer Society congregation.

In their counterclaim, defendants alleged that they are members of the conference of the True Light Church of Christ, composed of the six different societies or local congregations, including the Ebeneezer Society. Defendant Braswell is the Head Elder of the True Light Church. As the Head Elder he is the administrative and spiritual leader of the conference body, and as such, he has the authority to appoint elders at each of the local societies. Defendant Braswell, with the advice, consent and approval of the conference body, appointed one Joe Cox as the Elder of the Ebeneezer Society on or about 21 May 1977. Cox was then and still is the duly acting Elder of the Ebeneezer Society congregation. The Ebeneezer Society is composed of approximately thirty-five active members, who meet regularly with the True Light Church whether services are conducted at the Ebeneezer Society or at any of the other societies. Plaintiffs have engaged in various disruptive and threatening activities and have interfered with the regular church services at the Ebeneezer Society. Defendants further alleged that plaintiff Walters is not the ruling Elder of the true and regularly constituted membership of the Ebeneezer Truelight Church and that he has no authority, real or apparent, to organize the congregation of the Ebeneezer Society.

Defendants prayed that the plaintiffs' action be dismissed and that the plaintiffs and all other persons acting in concert with them be permanently restrained from going upon, interfering with, or disrupting the religious or administrative services at the Ebeneezer Society facility or any of the other society facilities of the True Light Church of Christ.

At the trial, plaintiffs presented the testimony of Harvey H. Walters and Herman B. Walters. Defendants presented the testimony of Raphael Price, Joseph R. Cox, and Ray C. Long. At the close of the plaintiffs' evidence and at the close of all the evidence, defendants' motion for a directed verdict was denied.

The issues submitted to the jury and the jury's answers are as follows:

1. Are the Plaintiffs' followers the congregation of the Ebeneezer Truelight Church of Christ as of May 22, 1977 and thereafter, and entitled to the use of the church property on Walters Mill Road?

ANSWER: Yes

2. Are the Defendants' followers the congregation of the Ebeneezer Truelight Church of Christ as of May 22, 1977 and thereafter, and entitled to the use of the church property on Walters Mill Road?

ANSWER: No

Upon the jury's verdict, the trial court entered, in pertinent part, the following judgment:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiffs' followers are the congregation of Ebeneezer Truelight Church of Christ and are entitled to the use of the church property on Walters Mill Road.

From that judgment, defendants have appealed.

*James E. Griffin for plaintiff appellees.*

*Clark & Griffin, by Richard S. Clark and Bobby H. Griffin, for defendant appellants.*

WELLS, Judge.

In one of their assignments of error, defendants have excepted to the trial court's denial of their motion for a directed verdict. The exception is well taken, and we hold that defendants' motion should have been granted.

Although the allegations in the complaint do not suggest it,

Walters v. Braswell

plaintiff's evidence makes it clear that the precipitating cause of this lawsuit was a doctrinal dispute between plaintiff Harvey Walters and defendant Flake Braswell. In *Atkins v. Walker*, 284 N.C. 306, 200 S.E. 2d 641 (1973), our Supreme Court, quoting with approval from *Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, et al.*, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed. 2d 658 (1969), held that the First Amendment to the United States Constitution "commands civil courts to decide church property disputes without resolving underlying controversies over religious doctrine", *Atkins v. Walker, supra*, at 317, 200 S.E. 2d at 648, and that the function of the courts in litigation of disputes such as the one in the case *sub judice* is to determine (1) who constitutes the governing body of the church and (2) who has that governing body determined to be entitled to use the properties. *Id.* at 319, 200 S.E. 2d at 650. As was stated by the court in *Atkins*, these determinations must be made pursuant to neutral principles of law, developed for use in all property disputes. *Id.* at 316, 200 S.E. 2d at 648. *See Jones v. Wolf*, 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed. 2d 775 (1979); *see also Church v. Church*, 27 N.C. App. 127, 218 S.E. 2d 223, *disc. rev. denied*, 288 N.C. 730, 220 S.E. 2d 350 (1975).

The plaintiffs' complaint contains two paragraphs which set forth the essentials of plaintiffs' claim. They are as follows:

4. That no services were held at the Ebeneezer Truelight Church of Christ from February to May of 1977. That on or about May 22nd, 1977, Harvey H. Walters, the remaining plaintiffs and other persons met at the Ebeneezer Truelight Church of Christ in Union County, North Carolina, formed a new church body and/or society and by assent thereto elected Harvey H. Walters as ruling Elder of said church with the expresed purpose of forming an autonomous self-governing church body and/or society and did form an automonous church.

. . . .

7. That Harvey H. Walters is the ruling Elder of said church and he and his followers have the right to use said church without the interferences of the plaintiffs [*sic*] and those acting in active concert with him.

In support of their claims that they organized a new, autono-

mous self-governing church body or society and formed an autonomous church, that plaintiff Walters is the ruling Elder of the said church, and that he and his followers have the right to use the church without the interference of the defendants and those acting in concert with them, plaintiffs offered the testimony of plaintiff Harvey Walters and Herman Walters.

Harvey Walters, recounting a disagreement between himself and defendant Braswell over church doctrine, and certain events and circumstances pertaining to that disagreement, testified that he is an Elder in the Ebeneezer Truelight Church of Christ and is the treasurer of the church. He keeps the records for the Ebeneezer Church. Before 27 February 1977, services were held at the Ebeneezer Society Church practically every Sunday, but from time to time services were held with other societies of the church. On 27 February 1977 there were thirty-five or forty members of the Ebenezzer Church. From 27 February 1977 to 22 May 1977 there were no services at Ebeneezer because Braswell called the meetings of the society at Rocky River and High Hill rather than at Ebeneezer. Harvey Walters made a decision on 21 May 1977 to return to Ebeneezer to hold services. He made this decision as a result of a disagreement with Braswell concerning doctrine at a meeting of the preachers and elders of the other societies of the church on that date at the Rocky River Church. He informed the meeting at Rocky River that he was going to return to Ebeneezer.

Harvey Walters held a meeting at the Ebeneezer Church on 22 May 1977. There were around twenty to twenty-three people present at the meeting. Since 22 May 1977, except for one or two Sundays, Harvey Walters has continued to hold services at Ebeneezer. The congregation governs or controls the Ebeneezer Truelight Church of Christ and does so by vote. Prior to May 1977, no minutes were kept of the Ebeneezer Truelight Church meetings. The record shows that Harvey Walters' direct examination concluded with the following questions and answers:

Q. I say by what authority do you hold the position of elder there at the church?

A. By what authority?

Q. Yes. How were you elected, or how did you become the elder?

A. I was already the elder there and this dispute come [*sic*] up between Flake Braswell and myself and I went back to Ebeneezer and reestablished the forsaken for several weeks . . . that they had forsaken for several weeks and I was the elder right on as I had always been since 1975. The congregation of the Ebeneezer True Light Church determines who is to be elder.

On cross examination, Harvey Walters testified in essence that he first became Elder of the church in March 1975, when the previous elder, V. H. Cox, died. He was appointed as Assistant Elder prior to the death of Mr. Cox. Upon the death of Mr. Cox, Mr. Braswell appointed him as the Elder. Walters did not keep a list of the people who were present at the meeting on 22 May 1977, nor did he keep any minutes of what transpired at that meeting. Prior to 22 May 1977, Walters had been appointed, but never elected, Elder of Ebeneezer Church.

During his direct examination, Harvey Walters identified as plaintiffs' exhibit 1 a list of the membership of Ebeneezer Truelight Church of Christ, consisting of thirty-five names. On cross examination, he testified that he did not keep a list of the persons at the 22 May 1977 meeting but made up a list of those persons from memory. Specifically, he testified as follows:

I did not keep a list of the people who were present on May 22, not in writing. I knew who was there. I didn't keep any minutes of what transpired there that day. I didn't write anything down. I relied on memory as to who might have been present that day. I didn't know it was all that important as to who would come and go. We didn't have any election. We didn't take a vote on anything.

Q. So, Mr. Walters, before May 22, 1977, there had never been an election of you as the elder of Ebeneezer Church?

A. Election?

Q. Yes.

A. No more than only what he come [*sic*] down that Sunday.

Q. Made the appointment of you?

A. Yes.

Q. With Mr. Price being present?

A. Yes.

Q. Now, there has not, to be truthful about it, been an election since May 21 or 22 to elect you as elder of that congregation, has there?

A. No, sir.

He was then shown a list of the membership of the church (which was identified as defendants' exhibit 1, consisting of about 250 names). Walters identified this list as the membership roll of the church, and testified that he had struck through many of the names on that membership list.

Herman Walters, the other witness for the plaintiffs, testified that he had been a member of the Ebeneezer Church for many years, that he attended the church from May 1977 until December 1977, and that approximately 200 to 250 people were attending the church during that time. He knew that some of these people lived in Charleston, Leesville, Lake City, Hartsville, and Camden, South Carolina. During the twelve years Herman Walters had been a member of the Ebeneezer Church both V. H. Cox and Harvey Walters had been pastor. When Cox died in 1975, Harvey became the preacher. Herman Walters testified that Harvey Walters is the Elder at Ebeneezer Church. He then identified plaintiffs' exhibit 3, consisting of a deed to the property of the church. The grantees in the deed are the trustees of Ebeneezer Church. Herman Walters further testified that he did not believe there was a vote of the congregation when Harvey became Elder of the church in 1975, that Harvey was Assistant Elder at that time, and that the defendant Braswell designated Harvey as the Elder. He did not recall that the local congregation had anything to say about who was going to be designated Elder.

Defendants' witness Price testified that he was a member of the Truelight Church and was an Elder of the High Mill Church in South Carolina. He was installed as an Elder by E. H. Mullis of Mint Hill, North Carolina. Mullis' successor was Flake Braswell. As one of the elders of the local church of High Mill, Price is a member of the conference body. The conference body is made up of preachers, elders, and deacons of all of the local churches.

Walters v. Braswell

Price attended the meeting of 21 May 1977 as did other elders, assistant elders, deacons or preachers. Joe Cox and Harvey Walters were present at that meeting. The purpose of the meeting was to try to work out a way for the Ebeneezer Society to have regular services again. The services had been suspended for several weeks prior to the meeting because of a doctrinal dispute between the conference members and Harvey Walters. The meeting lasted about two hours. Before it broke up, Flake Braswell informed Harvey Walters that he was removing him as an elder of the Ebeneezer Church and was appointing Joe Cox as elder. The conference body named Joe Cox to take the place of Harvey Walters at that meeting.

He testified that the conference body had various sources of authority, but that he did not know of any rules about the meeting on 21 May 1977 at the Rocky River Chrch. He did testify that Mr. Walters had been notified that there was going to be a meeting at that time. He further testified that he was not a member of the Ebeneezer Church but that the Truelight Church membership is one membership throughout.

Joseph R. Cox testifed that he was a member of the Ebeneezer Church and that he was appointed Harvey Walters' assistant on 2 May 1975, the same day Walters was appointed elder by Mr. Braswell. The meeting of 21 May 1977 was for the purpose of working out a solution to the problems at Ebeneezer so meetings could be held there again.

Taking plaintiffs' evidence as true and considering it in the light most favorable to plaintiffs, taking defendants' evidence which tends to support plaintiffs' claim in any way as true and viewing it in the light most favorable to plaintiffs, and giving plaintiffs the benefit of every reasonable inference which may be drawn from the evidence, *Home Products Corp. v. Motor Freight, Inc.*, 46 N.C. App. 276, 277, 264 S.E. 2d 774, 775, *disc. rev. denied,* 300 N.C. 556, 270 S.E. 2d 105 (1980), we hold that there was not sufficient evidence in this case from which the jury could determine either (1) who constitutes the governing body of the Ebeneezer Society of the True Light Church of Christ, or (2) who that governing body has determined to be entitled to the use of the Ebeneezer Society church property. *See Atkins v. Walker, supra.*

Defendants' motion for a directed verdict at the close of all the evidence should have been granted. The judgment of the trial court

is

Reversed.

Judges VAUGHN and MARTIN (Robert) concur.