VIRGIL LOWRY, PLAINTIFF v. DUKE UNIVERSITY MEDICAL CENTER, STEPHEN PORT, M.D., NORMAN A. SILVERMAN, M.D., DEFENDANTS

No. 9116SC981

(Filed 16 February 1993)

**Rules of Civil Procedure § 41.2 (NCI3d) — failure to obey court order regarding discovery and motions — dismissal of affirmative defense — no abuse of discretion**

The trial court did not abuse its discretion in a medical malpractice action by striking defendants' affirmative defense based on the statute of limitations where the record clearly shows that defendants repeatedly failed to file a motion for summary judgment, thereby delaying the prosecution of this matter without adequate justification, and the correspondence between the parties' counsel indicates the absence of a misunderstanding. Although defendants argue that there were no findings or conclusions addressing less drastic sanctions, only the affirmative defense of the statute of limitations was stricken, not the entire action. Plaintiff sought the dismissal pursuant to the court's inherent ability to impose fines and sanctions for disobeying a court order, rather than pursuant to N.C.G.S. § 1A-1, Rule 41(b). Rule 41(b) does not apply because no judgment on the merits was rendered.

Am Jur 2d, Limitations of Actions § 470; Summary Judgment § 17.

Comment note—raising statute of limitations by motion for summary judgment. 61 ALR2d 341.

Appeal by defendants-appellants from order entered 10 June 1991 by Judge E. Lynn Johnson, in Robeson County Superior Court. Heard in the Court of Appeals 16 November 1992.

*Russ, Worth, Cheatwood & Guthrie, by Rodney A. Guthrie, for plaintiff-appellee.*

*Newsom, Graham, Hedrick, Bryson & Kennon, by Lewis A. Cheek and Mark E. Anderson, for defendants-appellants.*

JOHNSON, Judge.

This action was initially filed by plaintiff, Virgil Lowry, on 27 March 1986, in Robeson County Superior Court. The action was voluntarily dismissed without prejudice pursuant to Rule 41 of the North Carolina Rules of Civil Procedure on 19 October 1987. North Carolina General Statutes § 1A-1, Rule 41 (1990). Plaintiff refiled the action on 18 October 1988, alleging that defendants, Duke University Medical Center, Stephen Port, M.D., and Norman A. Silverman, M.D., were negligent in the insertion of an epicardial pacemaker and that such negligence caused permanent injury to plaintiff.

The trial court's findings adequately set forth the facts in this case.

1. This is an action brought by Plaintiff against Duke University Medical Center, Stephen Port, M.D. and Norman Silverman, M.D. for alleged negligence and medical malpractice arising out of the care and treatment of the Plaintiff while he was a patient at Duke University Medical Center in 1978.

2. A Complaint was filed herein on October 18, 1988, all Defendants were properly served, and all have filed responsive pleadings herein asserting, among other things the affirmative defense of the statute of limitations under G.S. § 1-15(c).

3. An amended discovery order was entered herein on June 25, 1990 by which the parties agreed to file all motions on or before November 29, 1990.

LOWRY v. DUKE UNIVERSITY MEDICAL CENTER

[109 N.C. App. 83 (1993)]

4. This matter was calendared during the September 24, 1990 Session of Robeson County Superior Court for the specific purpose of hearing Defendants' Motion for Summary Judgment based on the alleged defense of the statute of limitations or repose; that at the time of the call of the calendar for the September 24, 1990 Session of Robeson County Superior Court, the Defendants' Motion had not been filed and the motion could not be heard.

5. This matter was calendared by the Court for trial during the February 25, 1991 Session of Robeson County Civil Superior Court, but was continued upon Defendants' request and with the consent of the Plaintiff; that Defendants' counsel represented to the Court at that time that Defendants' Motion for Summary Judgment could be promptly filed and could be heard at any term satisfactory to the Plaintiff and his counsel.

6. This matter appeared on the trial calendar for the term of Court beginning April 1, 1991 before Judge E. Lynn Johnson, with an indication appearing on the written Court calendar that it had been added to the trial calendar at the request of the attorneys though neither of the attorneys had so requested. Upon request of the parties, Judge Johnson removed the case from the trial calendar, and directed that the Motion for Summary Judgment to be filed by the Defendants as soon as possible, and that it would be heard during the week of the April 8, 1991 Session of Robeson County Superior Court. That the attorney for the Defendant understood that the Motion might be heard by Judge Dexter Brooks or by Judge Johnson, but that it was anticipated that it would be heard by someone, somewhere that week. That the said attorney indicated by letter faxed to the attorney for the Plaintiff that he would stand by for further instructions as to the hearing.

7. Defendants' Motion for Summary Judgment was served on April 8, but not filed until April 9, 1991, but was inadvertently not forwarded to the Plaintiff's attorney by facsimile transmission on April 8 along with other materials, and was therefore not received by the Plaintiff's attorney until April 10, 1991, at which time said Motion could not be heard as the Civil Session of Robeson County Superior Court had already adjourned for the week.

8. Defendants, through counsel, have offered no adequate justification for their delay in filing and having their Motion for Summary Judgment directed specifically to the affirmative defense of statute of limitations heard, despite having ample opportunity to do so and despite having been directed to do so by the Court.

9. Proceedings in this case have been delayed as outlined within this Order at the request of counsel for the Defendants and due to his actions or failures to act. It is the opinion of the Court that the Defendants, through counsel, did not attempt to establish the defense of statute of limitations as asserted in their Answer and to seek to obtain summary judgment thereon, on a timely basis and therefore should not be permitted to assert such affirmative defense within the present action.

10. The conduct of the Defendants, through counsel, unduly delayed this action and said conduct should be remedied by the imposition of sanctions.

UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. That Defendants, through counsel, have failed to timely file and serve a Motion for Summary Judgment based upon the defense of the statute of limitations, and have therefore failed to exercise diligence in the assertion of that affirmative defense.

2. That Defendants' affirmative defense based upon the statute of limitations should be stricken.

On appeal, defendants-appellants, bring forth one assignment of error, arguing that "the trial court abused its discretion in striking defendants' affirmative defense where counsel was at all times acting in good faith and in compliance with what he understood to be the directives of the court." Defendants also argue that the order must be vacated as a matter of law because the trial court made no findings of fact or conclusions of law which address whether less drastic sanctions would best serve the interests of justice. We disagree, finding no abuse of discretion and no requirement that findings of fact or conclusions of law addressing less drastic sanctions be made under the facts of the instant case.

In order to vacate the order entered by the trial court in the case *sub judice*, this Court must find that the trial court abused its discretion in striking the appellants' affirmative defense. Defendants-appellants have the burden of proving abuse of discretion by the trial court; therefore, they must clearly show that the court acted capriciously or arbitrarily, without regard for the facts and circumstances presented. *See generally Skyes v. Blakey*, 215 N.C. 61, 200 S.E. 910 (1939). If, however, there is competent evidence to support the findings of the trial court, they are binding on appeal although there may be evidence to the contrary. *See Church v. Church*, 27 N.C. App. 127, 218 S.E.2d 223, *cert. denied*, 288 N.C. 730, 220 S.E.2d 350 (1975). Careful review of the record in the case at bar reveals adequate evidence supporting the trial court's findings of fact and conclusions of law.

This action was filed in Robeson County on 18 October 1988, having been previously dismissed without prejudice by plaintiff less than a year earlier. After defendants filed their answer, Judge Britt entered a discovery order establishing deadlines for discovery and motions. The parties agreed to extend those deadlines, and Judge Britt entered an amended order providing that all pre-trial motions be filed on or before 29 November 1990. Defendants failed to file a motion for summary judgment based upon the applicable statute of limitations within the alloted time. We also note that although the summary judgment motion had been calendared for hearing on two previous occasions, no motion was filed.

On 25 March 1991, Mr. E. C. Bryson, Jr., law partner of defendants' counsel called plaintiff's counsel and discussed the possibility of continuing the trial of the case which was scheduled for 1 April 1991, but leaving the matter on the calendar for the purpose of hearing defendants' motion for summary judgment. Judge Johnson agreed to continue the trial of the case on the condition that the motion be filed immediately. In a letter dated 28 March 1991, telefaxed to plaintiff's counsel the same day, Mr. Cheek indicated that he would have the motion to plaintiff's counsel by the first of the week. The letter indicated that the motion would be in plaintiff's hand by 1 April 1991. Noting that plaintiff had not received the motion by 1 April 1991, Judge Johnson set the matter over until Monday, 8 April 1991, for the purpose of hearing defendants' motion for summary judgment. Again, the motion was not filed. On 10 June 1991, Judge Johnson imposed sanctions because the defendants had intentionally delayed the matter.

LOWRY v. DUKE UNIVERSITY MEDICAL CENTER

[109 N.C. App. 83 (1993)]

Defendants argue that their conduct was not a willful or deliberate attempt to delay the judicial process; therefore, the imposition of sanctions was an abuse of discretion. We disagree, finding no misunderstanding in the case at bar which could have given rise to defendants' noncompliance. Compare Green v. Eure, 18 N.C. App. 671, 197 S.E.2d 599 (1973) (dismissal improper where failures to proceed did not arise out of a deliberate attempt to delay, but out of misunderstanding). Here, the record clearly shows that defendants repeatedly failed to file the motion for summary judgment and thereby delayed the prosecution of this matter without adequate justification. The correspondence between the parties' counsels also indicates the absence of a misunderstanding. The last letter written by defendants' counsel stated that he would have the motion in plaintiff's hands by the first of the week of 8 April 1991. Defendants' counsel failed to deliver the motion as promised, and for the third time failed to file the summary judgment in time for hearing. Under the facts and circumstances of this case, we find no abuse of discretion.

Alternatively, appellants argue that the trial court's order should be vacated as a matter of law because no findings of fact or conclusion of law which address whether less drastic sanctions would best serve the interests of justice are included in the order. To support its contention, defendants-appellants only cite cases where the entire action was dismissed. Here, only the affirmative defense of the statute of limitations was stricken.

Moreover, in the instant case, plaintiff did not request dismissal pursuant to Rule 41(b); he sought the striking of an affirmative defense pursuant to the court's inherent ability to impose fines and sanctions for disobeying a court order. See Daniels v. Montgomery Mut. Ins. Co., 320 N.C. 669, 360 S.E.2d 772 (1987). Further, Rule 41(b) which involves involuntary dismissal, only requires findings as provided by Rule 52(a) if the court renders judgment on the merits against the plaintiff. See Comment to Rule 52 ("[t]he reference to Rule 41(b) has to do with the situation when the trial judge is dismissing an action at the close of the plaintiff's evidence with the determination that the dismissal shall be on the merits. In this situation, both Rules 41 and 52 contemplate that the judge shall make written findings and conclusions."). In the case before us, no judgment on the merits was rendered; therefore, Rule 41(b) does not apply. Appellants may still proceed with the case based on its merits.

The decision of the trial court is affirmed.

Chief Judge ARNOLD and Judge ORR concur.